UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHEINA MCELVAIN,

 Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

 Defendant.
_____/

Hon. Sally J. Berens

Case No. 1:19-cv-17

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing, among other things, that it was not supported by substantial evidence.

For the following reasons, the Court will **reverse and remand** the Commissioner's decision for further factual findings pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making a decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff filed applications for DIB and SSI on October 1, 2015 and October 28, 2015, respectively, alleging that she had been disabled since March 21, 2014. (PageID.273–83.) Plaintiff had previously filed an application for DIB on January 17, 2013, alleging that she had been disabled since August 31, 2009. (PageID.116.) In a previous decision, Administrative Law Judge (ALJ) Thomas L. English found that Plaintiff was not disabled within the meaning of the Act. (PageID.116–125.) The Appeals Council declined to review ALJ English's decision, and Plaintiff did not seek further review. (PageID.43.)

Plaintiff's 2015 applications were denied (PageID.172–184), after which she requested a hearing before an ALJ. (PageID.206–12.) On October 3, 2017, ALJ Lawrence E. Blatnik conducted a hearing and received testimony from Plaintiff and David E. Huntington, M.A., an impartial vocational expert. (PageID.80–111.) Following the hearing, ALJ Blatnik held the record open to obtain a current consultative mental status examination. Timothy Strang, Ph.D., examined Plaintiff on November 8, 2017, and provided a report to ALJ Blatnik and Plaintiff's counsel. (PageID.43.) On March 21, 2018, ALJ Blatnik issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled within the meaning of the Act. (PageID.52–58.) The Appeals Council denied Plaintiff's request for review on October 17, 2018. (PageID.29–32.) Therefore, the ALJ's ruling became the Commissioner's final decision. 20 C.F.R. §§ 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on January 9, 2019.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 21, 2014, the ALJ found that Plaintiff suffered from the following

---

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

severe impairments: (1) bipolar disorder; (2) post-traumatic stress disorder; and (3) a personality disorder. (PageID.46.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.47–48.) The ALJ concluded that Plaintiff's mental impairments did not satisfy the paragraph B severity requirements of listings 12.04, 12.06, and 12.08. (PageID.47.) Under paragraph B, plaintiff was required to prove one extreme limitation or two marked limitations in the following areas:

1. Understanding, remembering, or applying information;
2. Interacting with others;
3. Concentrating, persisting, or maintaining pace;
4. Adapting or managing oneself.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(B), 12.06(B), 12.08(B). Relying principally upon Dr. Strang's report, the ALJ found that Plaintiff had moderate limitations in the first three areas of functioning and mild limitations in the last area. (PageID.47–48.)

At step four, the ALJ evaluated the opinion evidence as follows:

> Dr. Strang. The ALJ gave Dr. Strang's November 2017 consultative mental status evaluation significant weight because his overall assessment of mild to moderate limitations was "consistent with and supported by the medical evidence of record, including progress notes and the claimant's own statements." However, the ALJ accorded Dr. Strang's statement that Plaintiff had experienced a "worsening of symptoms over the years" little weight because it was likely based on Plaintiff's statements and was inconsistent with Plaintiff's recent mental health treatment records.
>
> Ruqiya Tareen, M.D. The ALJ gave significant weight to the state agency's medical consultant's mental limitations because they were "generally consistent with the adopted residual functional capacity," adopted from ALJ English's prior decision.

5

> Al Houser, M.A., L.L.P/Steven Zethelius, M.D.  Mr. Houser was Plaintiff's mental health therapist and Dr. Zethelius was Plaintiff's treating psychiatrist.  The ALJ gave Mr. Houser's/Dr. Zethelius's February 2016 and Mr. Houser's September 2017 assessments little weight because they overstated the extent of Plaintiff's mental limitations and were "not fully consistent with, or supported by, [Plaintiff's] treatment records from Summit Pointe or the other medical evidence of record, especially the most recent progress notes, reflecting a much greater level of functioning that these statements indicate."

(PageID.51.)  Citing *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and Acquiescence Ruling 98-4(6), the ALJ found that Plaintiff's medical evidence in support of her 2015 application provided no basis to depart from ALJ English's findings from his March 2014 decision.  (PageID.49.)  Accordingly, ALJ Blatnik adopted the prior RFC, finding that Plaintiff has the capacity to perform a full range of work at all exertional levels, except that she "can perform simple, routine, repetitive tasks, but not a production rate pace (e.g., assembly line work).  She is limited to simple work related decisions.  She can have occasional contact with supervisors and co-workers, and only superficial contact with the public."  (PageID.48.)

The ALJ found that Plaintiff could not perform her past relevant work.  However, based on testimony from the vocational expert, the ALJ found that approximately 664,000 industrial cleaner, 65,000 linen room attendant, and 126,000 hand packager jobs existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.52–53.)  This represents a significant number of jobs.  *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## Discussion

### I. Medical Opinions

#### A. Dr. Zethelius

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating a plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529–30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and h[er] maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 784 (6th Cir. 1994). *See* 20 C.F.R. § 416.927(c)(2) ("Generally we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairments(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Comm'r of Soc. Sec.*, 378

F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.")

On February 25, 2016, Dr. Zethelius co-signed a Mental Residual Functional Capacity Form with Mr. Houser finding that Plaintiff would be unable to meet competitive standards or have no useful ability to perform certain functions required for unskilled work, including, among other things, maintaining attention for a two hour segment, sustaining an ordinary routine without special supervision, completing a normal workday or workweek without interruptions from psychologically based symptoms, or dealing with normal work stress. (PageID.736–37.) Dr. Zethelius also found that Plaintiff would have extreme difficulty in maintaining social functioning or in maintaining concentration, persistence or pace. (PageID.737.) The ALJ gave Dr. Zethelius's assessments only limited weight because they appeared to overstate Plaintiff's mental limitations and were "not fully consistent with, or supported by, the claimant's treatment records from Summit Pointe or the other medical evidence of record, especially the most recent progress notes, reflecting a much greater level of functioning than these statements indicate." (PageID.51.)

The ALJ rejected Dr. Zethelius's opinion primarily because evidence from mid-to-late 2016 through 2017 showed that that Plaintiff had experienced improvement and was doing well on her medications. For example, the ALJ noted that in August and December 2016 and in March 2017, Plaintiff was more positive and socially engaged as she reported getting out of her house more and doing things with friends. (PageID.789–90, 794–97, 821–22.) The ALJ further noted that Plaintiff reported doing well on her medications since at least October 2016. (PageID.791, 798.) He also noted that, during her annual assessment with Mr. Houser in August 2016, Plaintiff exhibited no more than moderate difficulties in communication, managing time, problem solving, productivity, and several other areas. (PageID.810–12.) Finally, the ALJ cited Dr. Strang's

8

November 2017 mental status examination, in which Plaintiff was cooperative, was able to repeat five digits forward and three digits backward, remembered three of four words after a three-minute delay, correctly calculated simple mathematical equations, and named several large cities and the current President. (PageID.849–50.) Based on this rationale, the Court concludes that the ALJ articulated good reasons, supported by substantial evidence, for assigning reduced weight to Dr. Zethelius's opinion with regard to the period of August 2016 through the end of 2017.

As noted, the ALJ found that Plaintiff's mental condition improved beginning in the latter half of 2016 and into 2017, suggesting that Plaintiff's mental condition had been worse. The ALJ did not address the period prior to this time, even though Dr. Zethelius issued his opinion in February 2016. At that time, Dr. Zethelius had treated Plaintiff for more than a year and had evaluated her on several occasions. (PageID.385 (noting that Plaintiff was intense, tearful and agitated, that she described herself being hyperaroused, and that Plaintiff had "failed antidepressants"); 388 (noting that Plaintiff described herself as hateful, appeared to be hostile and anxious and used profanity and cursing during the session); 391 (noting that Plaintiff cried during the session and appeared dysphoric, non-engaging and laconic). His opinions appear consistent with evidence in the record, at least during that period of time.

Although Plaintiff's claim period began on March 21, 2014, the ALJ did not consider whether Plaintiff might be entitled to a closed period of disability before the time he found improvement in her mental condition. *See Lang v. Sec'y of Health & Human Servs.*, No. 88-1561, 1989 WL 40188, \*2 (6th Cir. Apr. 12, 1989) ("[O]ur scope of review requires us to consider the record as a whole, and given the record in the present case, we find the Secretary erred in failing to consider whether plaintiff might be entitled to a closed period of disability."); *Zoelle v. Comm'r of Soc. Sec.*, No. C2-09-619, 2010 WL 3769139, at \*3 (S.D. Ohio Sept. 27, 2010) (finding remand

proper for consideration of a closed period of benefits where the ALJ failed to consider whether the plaintiff had been disabled during the two-year period prior to the time his treating psychiatrist made his mental health assessment).[2] Accordingly, the Court will remand the case to the Commissioner to consider whether Plaintiff might be entitled to a closed period of benefits.

### B. Mr. Houser

Plaintiff further argues that the ALJ failed to properly evaluate the opinion of her psychologist, Mr. Houser. As a limited license psychologist, Mr. Houser is an acceptable medical source. *See Molina v. Comm'r of Soc. Sec.*, No. 1:14-cv-648, 2015 WL 50975553, at *1, 7 (W.D. Mich. Aug. 28, 2015). Because Mr. Houser was a treating source, his opinion is entitled to controlling weight as long as the conditions cited above are met. The ALJ discounted Mr. Houser's opinions for the same reasons he discounted Dr. Zethelius's findings. Accordingly, on remand, the ALJ should consider whether Mr. Houser's opinions support a closed period of benefits.

## II. Adoption of Prior RFC

Plaintiff also argues that the ALJ erred in adopting ALJ English's prior RFC finding. Neither party raised the issue of whether remand is appropriate based on *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018), which narrowed the scope of *Drummond* by holding that an ALJ's prior decision is not binding in a subsequent case involving a new period of time. That is, the ALJ in the subsequent case should give a "fresh look" to a new application containing new evidence. *Id.* at 931. Because the Court is remanding the case, the ALJ will have the opportunity to consider Plaintiff's RFC in accordance with *Earley*.

---

[2] In her response, the Commissioner does not address Plaintiff's argument that the ALJ should have considered a closed period of benefits. Although it appears that Plaintiff did not raise this issue before the ALJ, the Court concludes that a remand is nonetheless appropriate. *See Wenzlick v. Astrue*, No. 08-CV-12414, 2009 WL 2777711, at *2 (E.D. Mich. Aug. 28, 2009) (concluding that a district court may remand a case *sua sponte* for consideration of a closed period of benefits even where the plaintiff fails to raise the issue on appeal).

## **CONCLUSION**

For the reasons stated herein, the Commissioner's decision will be **reversed and remanded** for further consideration consistent with this Opinion pursuant to sentence four of 42 U.S.C. § 405(g).

An Order consistent with this Opinion will enter.

Dated: April 1, 2020 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge